COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: __Smith_____Jason_____A_____
         (Last)                (First)         (Middle Initial)

Prisoner Number:   __CDCR# AD-8099____

Institutional Address: __C-Wing-223-Low / P.O. BOX 689-Soledad,CA.__

          __93960-0689_____

**FILED**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUN 27 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

__Jason Smith et al.,_____ )
(Enter your full name.)              )
                          )
           vs.          )
__J.Mendoza,I.Perez,M.Zavala,___ )
__J.Ibarra,B.Aguirre,R.Glaze,___ )
__W.Sinkovich et al.,_____ )
(Enter the full name(s) of the defendant(s) in this action.) )

**CV 19 3750**

Case No. _____
(Provided by the clerk upon filing)

**COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C. § 1983**

**BLF
(PR)**

## I. Exhaustion of Administrative Remedies.

*Note:* *You must exhaust available administrative remedies before your claim can go
forward. The court will dismiss any unexhausted claims.*

A.   Place of present confinement __CTF-CENTRAL, SOLEDAD, CA._____

B.   Is there a grievance procedure in this institution?   YES ☒    NO ☐

C.   If so, did you present the facts in your complaint for review through the grievance
procedure?   YES ☒    NO ☐

D.   If your answer is YES, list the appeal number and the date and result of the appeal at each
level of review. If you did not pursue any available level of appeal, explain why.

     1. Informal appeal: _____

                    _____

                    _____

2. First formal level: _____

_____

_____

3. Second formal level: __Second Level of Review was denied__
__violating rules of Title 15, DOM and United States__
__Constitution.__

4. Third formal level: __Third Level of Review was denied__
__violating rules of Title 15, DOM and United States__
__Constitution.__

E.    Is the last level to which you appealed the highest level of appeal available to you?

YES ☒    NO ☐

F.    If you did not present your claim for review through the grievance procedure, explain why.

____N/A_____

_____

_____

## II.  Parties.

A.    Write your name and present address.  Do the same for additional plaintiffs, if any.

__Jason Smith, CDCR# AD-8099__

__CTF-Central, C-Wing-223-Low, P.O. BOX 689__

__Soledad, California 93960__

B.    For each defendant, provide full name, official position and place of employment.

__J.Mendoza, I.Perez, M.Zavala, J.Ibarra, B.Aguirre, R.Glaze,__

__and W.Sinkevich. All the Defendants herein except for W.__

__Sinkevich, place of employment are CTF-Central, Hwy. 101__

__North-P.O. BOX 686, Soledad California 93960. W.Sinkevich's__

__place of employment is the Inmate Appeal Branch, P.O. BOX__

__942883, Sacramento, CA. 94283.__

_____

PRISONER COMPLAINT (rev. 8/2015)
Page 2 of 3

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

SEE ATTACHED COMPLAINT

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

PLAINTIFF requests Declaratory and Injunctive Relief. Plaintiff also requests Compensatory, Exemplary, Mental Anguish, Nominal, Punitive, Economic, Medical related, and other Damages including Attorney Fees and Appointment of Counsel.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: _06/19/19_ _Jason Crumb_
                Date             Signature of Plaintiff

PRISONER COMPLAINT (rev. 8/2015)
Page 3 of 3

Jason Smith, CDCR# AD-8099

C-Wing/cell# 223L

P.O. BOX 689

Soledad, CA. 93960


PLAINTIFF. IN PRO SE


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


JASON SMITH,                                    Case No.

        Plaintiff,

  v.                                            COMPLAINT

                                Violation of 42 U.S.C.

J.MENDOZA, et al.,                              1983 and 42 U.S.C. 1985

        Defendants.

_____/                        (DEMAND FOR JURY TRIAL)


I.

<u>JURISDICTION</u>

1. This court has jurisdiction pursuant to Title 28 U.S.C. 1331, and 1367, the individual defendants named are the persons who violated PLAINTIFF'S State and Federal Constitutional Rights, deliberately levying reprisals against prisoners for taking part in protected conduct constitutes a First Amendment violation and deprives them of federally guaranteed rights under color of law in contravention of clearly established laws. PLAINTIFF also seeks declaratory judgment pursuant to 28 U.S.C. 2201.

(1)

## FULL TITLE PAGE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SMITH,<br>          Plaintiff,<br><br>     v.<br><br><br>J.MENDOZA, Prison Guard Employed with the California Department of Corrections and Rehabilitation ("CDCR"), in His Individual and Official Capacities.<br><br>I.PEREZ-PANTOJA, Prison Guard Employed with the CDCR, in His Individual and Official Capacities.<br><br>M.ZAVALA, Prison Guard Employed with the CDCR, in Her Individual and Official Capacities.<br><br>J.IBARRA, Prison Guard Employed with the CDCR, in His Individual and Official Capacities.<br><br>B.AGUIRRE, Prison Guard Employed with the CDCR, in His Individual and Official Capacities.<br><br>R.GLAZE, Prison Sergeant Employed with the CDCR, in His Individual and Official Capacities.<br><br>W.SINKOVICH, Appeals Examiner Employed with the CDCR, in His Individual and Official Capacities.<br><br>          Defendants. | Case No. |

(2)

## II.

## VENUE

2. Venue is proper in this Court pursuant to Title 28 U.S.C. 1391(b)(2), as substantial part of the events or omissions giving rise to the claims made here occurred in this district.

## III.

## PARTIES

3. PLAINTIFF JASON SMITH ("PLAINTIFF"), was at all times relevant to this action a prisoner confined in the California Department of Corrections and Rehabilitation ("CDCR"), and is currently confined at the Correctional Training Facility ("CTF"), in Soledad California.

4. Defendant J.MENDOZA ("J.MENDOZA"), was at all times relevant to this action a Prison Guard employed with the CDCR and was a state actor (acting under the color of law). J.MENDOZA was legally responsible for but not limited to, ensuring the compliance with both State and Federal laws with respect to the Safety and Security of prisoners he oversees. J.MENDOZA knowingly, unlawfully, and with specific intent violated PLAINTIFF'S rights by:(1) levying reprisal against Plaintiff for taking part in a protected conduct, and(2) acting in concert with the named-defendants in subjecting Plaintiff to cruel and unusal punishment by housing Plaintiff in a cell with 14 of the 20 windows missing, refusing to submit a work order, and

(3)

refusing to rehoused Plaintiff for taking part in a protected conduct. J.MENDOZA is personally responsible for the physical, psychological, and Constitutional injuries sustained. J.MENDOZA is being sued in his individual and official capacities.

5. Defendant I.PEREZ ("I.PEREZ"), was at all times relevant to this action a Prison Guard employed with the CDCR and was a state actor (acting under the color of law). I.PEREZ was legally responsible for but not limited to, ensuring the compliance with both State and Federal laws with respect to the Safety and Security of prisoners he oversees. I.PEREZ knowingly, unlawfully, and with specific intent violated PLAINTIFF'S rights by:(1) levying reprisals against Plaintiff for taking part in a protected conduct, and(2) destroying and stealing Legal documents from Plaintiff in a retalitory cell search for taking part in a protected conduct. I.PEREZ is personally responsible for the physical, psychological, and Constitutional injuries sustained. I.PEREZ is being sued in his individual and official capacities.

6. Defendant M.ZAVALA ("M.ZAVALA"), was at all times relevant to this action a Prison Guard employed with the CDCR and was a state actor (acting under the color of law). M.ZAVALA was legally responsible for but not limited to, ensuring the compliance with both State and Federal laws with respect to the Safety and Security of prisoners she oversees. M.ZAVALA knowingly, unlawfully, and specific intent violated Plaintiff's rights by:(1) levying reprisals against Plaintiff for taking part in a protected conduct, and(2) acting in concert with the named-defendants in subjecting Plaintiff to cruel

(4)

and unusal punishment by housing Plaintiff in a cell with 14 of the 20 windows missing, refusing to rehoused Plaintiff for taking part in a protected conduct. M.ZAVALA is personally responsible for the physical, psychological, and Constitutional injuries sustained. M.ZAVALA is being sued in her individual and official capacities.

7. Defendant J.IBARRA ("J.IBARRA"), was at all times relevant to this action a Prison Guard employed with the CDCR and was a state actor (acting under the color of law). J.IBARRA was legally responsible for but not limited to, ensuring the compliance with both State and Federal laws with respect to the Safety and Security of prisoners he oversees. J.IBARRA knowingly, unlawfully, and with specific intent violated PLAINTIFF'S rights by:(1) levying reprisals against Plaintiff for taking part in a protected conduct, and (2) acting in concert with the named-defendants in subjecting Plaintiff to cruel and unusal punishment by housing Plaintiff in a cell with 14 of the 20 windows missing, refusing to submit a work order, and refusing to rehoused Plaintiff for taking part in a protected conduct. J.IBARRA is personally responsible for the physical, psychological, and Constitutional injuries sustained. J.IBARRA is being sued in his individual and official capacities.

8. Defendant B.AGUIRRE ("B.AGUIRRE"), was at all times relevant to this action a Prison Guard employed with the CDCR and was a state actor (acting under the color of law). B.AGUIRRE was legally responsible for but not limited to, ensuring the compliance with both State and Federal laws with respect to the Safety and Security of prisoners he oversees. B.AGUIRRE knowingly, unlawfully, and with

(5)

specific intent violated PLAINTIFF'S rights by(1) levying reprisal against Plaintiff for taking part in a protected conduct, and(2) acting in concert with the named-defendants in subjecting Plaintiff to cruel and unusal punishment by housing Plaintiff in a cell with 14 of the 20 windows missing, refusing to submit a work order to get the windows fixed, and refusing to rehoused Plaintiff for taking part in a protected conduct. B.AGUIRRE is personally responsible for the physical, psychological, and Constitutional injuries sustained. B.AGUIRRE is being sued in his individual and official capacities.

9. Defendant R.GLAZE ("R.GLAZE"), was at all times relevant to this action a Prison Sergeant employed with the CDCR, and was a state actor (acting under the color of law). R.GLAZE was legally responsible for but not limited to, ensurining the compliance with both State and Federal laws with respect to the Safety and Security of prisoners he oversees. R.GLAZE knowingly, unlawfully, and with specific intent violated PLAINTIFF'S rights by(1) acting in concert with the named-defendants in subjecting Plaintiff to cruel and unusal punishment by housing Plaintiff in a cell with 14 of the 20 windows missing, failing to act when Plaintiff complained of the unconstitutional housing to him on 11/16/18, refusing to submit a work order to have the windows fixed, and refusing to rehoused Plaintiff Knowing he would be subjecting to cold temperatures for taking part in a protected conduct. R.GLAZE is personally responsible for the physical, psychological, and Constitutional injuries sustained. R.GLAZE is being sued in his individual and official capacities.

(6)

10. Defendant W.SINKOVICH ("W.SINKOVICH"), was at all times relevant to this action an Appeals Examiner employed with the CDCR, and was a state actor (acting under the color of law). W.SINKOVICH was legally responsible for answering Inmates Appeal in accordance to policies, procedures, and applicable State and Federal laws. W. SINKOVICH is responsible for implementing the enforcement of policies and procedures affecting the regulation of the Institution. W.SINKOVICH knowingly, unlawfully, and with specific intent violated PLAINTIFF'S rights by(1) showing discrimatory treatment as similarly situated prisoners were afforded a physical inspection of their cells by reviewing staff, other similarly situated prisoners were given an oppertunity to be rehoused when they complained about missing windows in their cells in an effort to mitigate the unconstitutional housing situation. This treatment violates the Equal Protection Clause of the Fourteenth Amendment. W.SINKOVICH is personally responsible for the physical, psychological, and Constitutional injuries sustained. W.SINKOVICH is being sued in his individual and official capacities.

## IV.
## FACTUAL ALLEGATIONS

11. PLAINTIFF incorporates all allegations in paragraphs 1 through 10 as though they were stated fully herein.

12. On 05/23/18, Plaintiff was rehoused from F-Wing Housing Unit to X-Wing Housing Unit in a pathern of pervasive retalitory retribution against Plaintiff by custody at CTF-Central.

(7)

13. On 09/23/18, Plaintiff approached I.Perez at about 10:20 a.m., and requested a 10:00 a.m. unlock per Operational Procedure (O.P.) 113, at which point Plaintiff observed I.Perez watching football on a television in violation of CDCR policies.

14. Plaintiff was told by I.Perez that an unlock will be conducted at 10:30 a.m., at which time Plaintiff informed I.Perez he (Plaintiff) will be submitting an inmate grievance for violating CDCR policies, to wit: watching television for personal use while on his official Post Duty, and failure to adhere to O.P. 113 unlocks at 10:00 a.m. I.Perez then stated to Plaintiff,"you want to fuck with my program and write me up huh, I'm going to see how much contraband you have when I search your cell."

15. On 09/24/18, I.Perez conducted a retalitory cell search of Plaintiff's cell for the previous day's incident, while Plaintiff was in the Dining Hall eating breakfast. Upon returning from the Dining Hall and entering the cell, Plaintiff observed the cell was trashed, coffee split on some of his Legal documents and subsequently realized numerous Legal documents was stolen. Plaintiff submitted a CDCR-602 Log No. CTF-18-02875 on 10/05/18, concerning the unconstitutional conduct of I.Perez. See Exhibit "A"

16. I.Perez took an adverse action against Plaintiff because of Plaintiff's threat to file a grievance. The retalitory cell search and thief of Plaintiff's Legal documents had a chilling effect on Plaintiff's First Amendment right, and I.Perez' action didn't advance ANY legitimate correctional goal.

(8)

17. On 11/07/18, after observing J.Mendoza for months mishandling inmates' mail and confidential Medical ducats by leaving them in inmates' doorway, underneath inmates' cell doors, or half-way exposed on the tier, Plaintiff gave J.Mendoza a CDCR Form 22 seeking clarity of the procedures relating to the handling and distribution of inmates' mail and confidential Medical ducats.

18. On 11/15/18, after once again observing J.Mendoza's conduct had not changed as related to the handling and distribution of inmates' mail in X-Wing Housing Unit, Plaintiff submitted a CDCR-602 concerning the issue. Plaintiff subsequently informed J. Mendoza that he (Plaintiff) had submitted a grievance against him (J.Mendoza) because several letters sent to Plaintiff by family members he (Plaintiff) had not received. J.Mendoza replied to Plaintiff,"people who write me up don't stay in this Unit, you'll be moving out today, watch!" J.Mendoza also stated,"you complain to much about the program and that he (J.Mendoza) knew about Plaintiff's CDCR-602 filed against his partner I.Perez about watching television.

19. On 11/15/18, at about 8:45 p.m., J.Mendoza told Plaintiff to,"pack your shit, I made sure you got a good, warm cell!" Plaintiff was once again rehoused from X-Wing Housing Unit to C-Wing Housing Unit cell# 223 for retalitory motive by J.Mendoza. Upon arrival to C-Wing Housing Unit cell# 223, Plaintiff observed 14 of the 20 windows in the cell were missing and the over night temperatures for the next few months dropped between 30 to 40 degrees.

(9)

20. J.Mendoza took an adverse action against Plaintiff because of Plaintiff's threat to file a grievance. The retalitory cell move had a chilling effect on Plaintiff's First Amendment right. J.Mendoza also conspired with the named-defendants to keep Plaintiff in a cell they knew had numerous windows missing, thereby causing Plaintiff to be subjected to cruel and unusal punishment and being deliberately indifferent to Plaintiff's pain and suffering.

21. On 11/16/18, Plaintiff requested from R.Glaze that an emergency work order be submitted for the multiple missing windows in Plaintiff's cell or that Plaintiff be rehoused, to which R. Glaze stated,"602 it, that's not my problem." Later in the day Plaintiff requested from housing unit staff M.Zavala and B.Aguirre that an emergency work order be submitted for the multiple missing windows in Plaintiff's cell or that Plaintiff be rehoused. Both defendants responded by saying,"you don't have anything coming in this Unit because you already went complaining to Sgt. R.Glaze and J.Mendoza got you that cell." M.Zavala then stated,"J.Mendoza asked for that cell for you!"

22. On 11/18/18, Plaintiff had been subjected to multiple nights of extreme cold weather due to the unconstitutional condition of the cell that he (Plaintiff) contracted a cold, and his (Plaintiff's) nose was so stuffy he had to breath through his mouth. Plaintiff submitted a CDCR 7362 medical sick slip requesting medical attention for his illness. Plaintiff also submitted a CDCR 602 addressing the unconstitutional cell condition. See Exhibit "B"

(10)

23. On 11/25/18, Plaintiff was seen by Register Nurse R.Duluna and given medications to treat the Cold/Allergy and Arthirtis pain from being exposed to the extreme cold weather.

24. On 11/29/18, it rained the entire afternoon, Plaintiff was exposed to extreme cold temperature as a result. During the night Plaintiff was subjected to non-stop high gusty wind. In an attempt to mitigate the cold temperature, Plaintiff placed a sheet over the window but was percluded by B.Aguirre and M.Zavala under the threat of a Rules Violation Report (RVR).

25. On 12/01/18, it rained during the day, Plaintiff was exposed to the rain and cold, was still not rehoused, the 14 missing windows in the cell was not fixed, nor was Plaintiff given additional blankets or sheets when he (plaintiff) asked M.Zavala and B.Aguirre in an effort to mitigate the circumstances.

26. On 12/02/18, Plaintiff submitted another CDCR 7362 medical sick slip requesting medical attention for the ongoing cold and stuffy nose he (Plaintiff) had contracted as a result of being exposed to the rain and extreme cold temperatures at nights as a direct result of having 14 of the 20 windows missing from Plaintiff's cell.

27. On 12/05/18, Plaintiff was seen by Register Nurse R.Duluna and given medications for cold symptoms. It also rained throughout the afternoon and night.

28. On 12/16/18, it rained heavily throughout the night, Plaintiff's

CMC-CE-008
(08/04) 0901

cell had water damage and he (Plaintiff) was exposed to the extreme cold temperature.

29. On 12/24/18, it rained in the evening and parts of the night, Plaintiff was exposed to the extreme cold temperature as heavy wind blew throughtout the night.

30. On 01/02/19, Plaintiff requested from M.Zavala once again to be rehoused or have an emergency work order submitted. M.Zavala stated to Plaintiff,"like I told you on 11/16/18, after you went complaining to Sgt. R.Glaze, you don't have ANYTHING coming from me!"

31. On 01/08/19, Plaintiff requested from J.Ibarra that a work order be submitted for the unconstitutional cell Plaintiff was being housed in J.Ibarra responded by saying,"we know many windows are missing in your cell before you was housed in there, and there is a reason why you (Plaintiff) is in that particular cell." He also stated,"the windows will never get fixed as long as you (Plaintiff) is in that cell. Plaintiff was subjected to non-stop high gusty wind throughout the night.

32. On 01/14/19, it rained off and on throughtout the day, Plaintiff was exposed to the extreme cold weather.

33. On 01/15/19, it rained throughtout the day including heavy wind gust, Plaintiff was exposed to the extreme cold weather.

34. On 01/16/19, Plaintiff submitted a CDCR 7362 medical sick slip

CMC-CE-008
(08/04) 0901

as he (Plaintiff) was suffering from cold symptoms. It also rained in the afternoon and throughout the night including constant heavy wind gust. Plaintiff was exposed to the extreme cold temperature.

35. On 01/18/19, Plaintiff was seen by medical staff and given a Nasal Spray for the cold symptoms, Plaintiff was also given medication for pain relief of Arthritis in the Right Shoulder. Additionally, cell #115 in the Housing Unit was vacant, Plaintiff asked M.Zavala to be re-housed in that cell but was denied.

36. On 01/20/19, it rained throughtout the night including constant heavy wind gust. Plaintiff was subjected to the extreme cold temperature. Additionally cell# 232 in the Housing Unit was vacant, Plaintiff asked J.Ibarra to be rehoused in that cell but was denied.

37. On 01/24/19, CTF-Central had multiple inmates rehoused from Plaintiff's Housing Unit/C-Wing to Z-Wing Housing Unit. Plaintiff once again asked M.Zavala to be rehoused in Z-Wing Housing Unit, but was denied that request knowing Plaintiff was being housed unconstitution-ally in the present cell he (Plaintiff) was in.

38. On 01/30/19, It rained throughtout the night including gusty wind. Plaintiff once again was exposed to extreme cold temperature.

39. On 02/01/19, the Central Coast sustained a severe storm that included heavy wind gust, and rain throughout the night subjecting Plaintiff to extremely cold temperatures.

CMC-CE-008
(08/04) 0901

(13)

40. On 02/02/19, it continued to rain throughout the night that included heavy wind gust subjecting Plaintiff to extremely cold temperatures.

41. On 02/03/19, it rained during the day and throughout the night, Plaintiff submitted a CDCR Form 22 to Plant Operations inquring why his windows had NOT been fixed in two and a half months.

42. On 02/04/19, it rained throughout the day and night including heavy wind gust making it extremely cold, and enhancing Plaintiff's Right Shoulder Arthirtis Pain for the past five days and nights.

43. On 02/05/19, Plaintiff was subjected to record low cold temperatures during the night. Temperatures was in the 20 to 30 degrees.

44. On 02/08/19, it rained in the evening and heavily during the night, Plaintiff was exposed to extremely cold temperatures.

45. On 02/09/19, it rained in the evening and heavily throughout the night with heavy wind gust. Plaintiff contracted another cold as a result of being exposed to extremely cold temperatures.

46. On 02/10/19, Plaintiff submitted another CDCR 7362 medical sick slip seeking medical attention for his cold and sinus symptoms. Plaintiff also submitted an inmate CDCR-602 concerning M.Zavala's refusal to rehoused Plaintiff in Z-Wing Housing Unit on 01/24/19, in a cell with all its windows intact. See Exhibit "C"

CMC-CE-008
(08/04) O901

(14)

47. On 02/11/19, Plaintiff was unable to go to his Education assignment as a result of being sick.

48. On 02/12/19, Plaintiff was seen by medical staff and given some medication for his cold/sinus symptoms.

49. On 02/14/19, it rained throughout the night and into the morning of 02/15/19, subjecting Plaintiff to extremely cold temperatures.

50. On 02/18/19, Plaintiff submitted a CDCR Form 22 to the Office of the Appeals Coordinator requesting his Inmate Assignment Notice for his CDCR-602 submitted on 02/10/19, concerning M.Zavala's refusal to re-housed Plaintiff from the unconstitutional housing. See Exhibit"C"

51. On 02/26/19, Plaintiff submitted another CDCR Form 22 to the Office of the Appeals Coordinator requesting his Inmate Assignment Notice for his his CDCR-602 submitted on 02/10/19, and also informing the Appeals Coordinator that failure to process his CDCR-602 will be considered as exhausted. See Exhibit "C"

52. On 03/01/19, R.Glaze was present in Plaintiff's Housing Unit for the purpose of cell inspections at the completion of a "Mass Cell" searches by CTF Staff in C-Wing Housing Unit. R.Glaze seen Plaintiff's unconstitutional housing but yet again failed to act.

53. M.Zavala, B.Aguirre, J.Ibarra, and R.Glaze took an adverse action against Plaintiff for filing multiple grievance against I.Perez and J.Mendoza. The retalitory conduct towards Plaintiff by M.Zavala,

CMC-CE-008
(08/04) 0901

(15)

B.Aguirre, J.Ibarra, and R.Glaze had a chilling effect on Plaintiff's First Amendment Right, and their actions didn't advance ANY legitimate correctional goal. Also, M.Zavala, B.Aguirre, J.Ibarra, and R.Glaze conspired with I.Perez and J.Mendoza to keep Plaintiff in a cell they knew had numerous windows missing, refusing to submit work orders to have the windows fixed, refusing to rehoused Plaintiff in a cell where all the windows are intact, thereby causing Plaintiff to be subjected to cruel and unusal punishment, and being deliberately indifferent to Plaintiff's Pain and Suffering.

54. W.Sinkovich received and was given notice of Plaintiff's unconstitutional housing, but chose to show discrimitory treatment of Plaintiff when he refused to have staff a CTF-Central personally inspect Plaintiff's cell to ascertain the validity of the allegation of having 14 of the 20 windows in his cell missing. W.Sinkovich also failed Plaintiff by refusing to order the windows fixed in an effort to mitigate the unconstitutional treatment. All similarly situated prisoners were afforded a physical inspection of their cells by reviewing staff when allegations of missing windows were complained about. This discrimitory treatment towards Plaint by W.Sinkovich violates the Equal Protection Clause of the Fourteenth Amendment.

55. PLAINTIFF'S status as an inmate means that while he does not have a constitutional right to live in comfort, he is entitled to adequate shelter, which includes protection from "EXTREME COLD."

56. The named-defendants' actions and/or omissions were and continue to be wanton, reckless, deliberate, retalitory, and a total dis-

CMC-CE-008
(08/04) 0901

(16)

regard for the rights of PLAINTIFF.

## V

## CAUSE OF ACTION

## COUNT 1

J.MENDOZA, I.PEREZ, M.ZAVALA, J.IBARRA, B.AGUIRRE, and R.GLAZE knowingly and with Callous Disregard to PLAINTIFF'S First Amendment Right to Petition the Government for Redress of Grievance, Levied Numerous Reprisals Against PLAINTIFF.

57. PLAINTIFF incorporates all allegations in paragraphs 1 through 56 as though they were stated fully herein.

58. The named-Defendants implemented a "Chilling Effect" and sought to dissuade Plaintiff from utilizing the established Appeal System.

59. The named-Defendants actions were and continue to be intentional, willful, malicious, discriminatory, retalitory and/or done with reckless disregard to the rights of PLAINTIFF.

## VI

## COUNT 2

CMC-CE-008
(08/04) 0901

(17)

J.MENDOZA, I.PEREZ, M.ZAVALA, J.IBARRA, B.AGUIRRE and R.GLAZE Conspired to subject Plaintiff to cruel and unusual punishment, and being deliberately indifferent to his Pain and Suffering by housing Plaintiff in a Cell with 14 of the 20 windows missing, Refusing to submit a Work Order, Refusing to Rehoused Plaintiff, and subjecting Him to Extreme Cold Temperatures throughout the Fall and Winter Seasons for Utilizing the Established Appeal System.

60. PLAINTIFF incorporates all allegations in paragraphs 1 through 59 as though they were stated fully herein.

61. J.Mendoza stated to Plaintiff on 11/15/18,"pack your shit, I made sure you got a good, warm cell." Plaintiff was then rehoused from X-Wing Housing Unit cell# 233 to C-Wing Housing Unit cell# 223 where he immediately realized 14 of the 20 windows in the cell were missing.

62. Plaintiff later approached M.Zavala, B.Aguirre, J.Ibarra and R.Glaze who all refused to rehoused him, or submit a work order to have the windows fixed, all stating Plaintiff knew he was in that particular cell per J.Mendoza.

### VII

### COUNT 3

W.SINKOVICH knowing, unlawfully and with specific Intent violated Plaintiff's Fourteenth Amendment Right.

CMC-CE-008
(08/04) 0901

63. Plaintiff incorporates all allegations in paragraphs 1 through 62 as though they were stated fully herein.

64. Plaintiff submits that the factual allegations and the claims raised herein alleges and demonstrates that the named-Defendants deprived him of the Equal Protection of the laws, or of the Equal Privileges and Immunities under the Law that resulted in personal injuries and deprivation of Rights.

## VIII

### ADMINISTRATIVE EXHAUSTION

65. Plaintiff incorporates all allegations in paragraphs 1 through 64 as though they were stated fully herein.

66. Except for Administratvie grievances, other Complaints and Notifications, prison officials deliberately refused to respond to a part of their subterfuge (Sapp v. Kimbrell,623 F.3d 813,822 (9th Cir), Plaintiff has exhausted available remedies up to and including the Director's Level.

### DECLARATORY RELIEF ALLEGATION

67. Plaintiff incorporates all allegations in paragraphs 1 through 66 as though they were stated fully herein.

68. A present and actual controversy exist between PLAINT and herein named-Defendants concerning rights and respective duties. PLAINTIFF

CMC-CE-008
(08/04) 0901

(19)

alleges that the named-Defendants have violated his First, Eighth and Fourteenth Amendment Rights. PLAINTIFF is informed and believes and thereon alleges that the named-Defendants deny these allegations. DECLARATORY RELIEF is therefore necessary and appropriate.

## INJUNCTIVE RELIEF ALLEGATIONS

69. Plaintiff incorporates all allegations in paragraphs 1 through 68 as though they were stated fully herein.

70. No plain adequate or complete remedy at law is available to PLAINTIFF to redress the wrongs alleged herein. If the Court does not GRANT injunctive relief sought, PLAINTIFF will be irreparably harmed.

## PRAYER FOR RELIEF

1. For an Order enjoining the named-Defendants from engaging in the unlawful conduct alleged in the Complaint. That is, for the named-Defendants to refrain and abstain from engaging in/or subjecting Plaintiff to ANY conceivable reprisals for having filed this instant Civil Rights Complaint such as, but not limited to, unwarranted cell searches, cell moves, transfers, and other like actions of which have not been provoked by PLAINTIFF violating any rules, regulations or laws.

2. For an Order GRANTING other injunctive relief as may be needed.

3. For an Order granting DECLARATORY RELIEF as may be appropriate.

CMC-CE-008
(08/04) 0901

(20)

4. COMPENSATORY damages in the amount of Two-Hundred thousand dollars ($200,000.oo) from each Defendant to Plaintiff for the injuries and suffering sustained.

5. EXEMPLARY damages in the amount of Two-Hundred thousand dollars ($200,000.oo) from each Defendant to Plaintiff as an enhancement of Compensatory because of the maliciousness, wanton, reckless, and oppressive character of the acts described herein, and to punish and deter other state employees acting under the color of law from committing these similar acts.

6. MENTAL ANGUISH damages in the amount of One-Hundred thousand dollars ($100,000.oo) from each Defendant to Plaintiff for mental suffering resulting from excruciating pain.

7. NOMINAL damages in the amount of One-Hundred thousand dollars ($100,000.oo) from each Defendant to Plaintiff which he is entitled to because the law mat infer damages from the breach of an agreement or invasion of a Constitutional Right in light of the facts described.

8. PUNITIVE damages in the amount of One-Hundred thousand dollars ($100,000.oo) from each Defendant to Plaintiff as an enhancement of Compensatory damage because of the maliciousness, wanton, reckless, and oppressive character of the acts described herein, and to punish and deter other state employees acting under the color of law from committing these or similar acts.

9. An Order directing CTF Staff to FIX Plaintiff's missing windows

CMC-CE-008
(08/04) 0901

(21)

as Plaintiff is still being housed in this unconstitutional cell with 14 of the 20 windows missing.

10. Appointment of Counsel as PLAINTIFF is a Lay-person and unskilled at law and is compelled to seek the assistance from fellow prisoners.

11. Economic and non-economic damages.

12. Costs of suits incurred herein.

13. Interest, as allowed by law.

14. Attorney's fees and cost.

15. An Order directing the U.S. Marshal to serve the nemed-Defendants including waiver of any and all processing/service fees.

Executed this 19th day of June 2019, at Correctional Training Facility Monterey County, Soledad California

Respectfully submitted,

PLAINTIFF, IN PRO SE

CMC-CE-008
(08/04) 0901

## V E R I F I C A T I O N   (VERIFIED COMPLAINT)

Being competent to make this declaration and having personal knowledge of the statements and allegations made in this lawsuit, I, **Jason Smith,** declare under penalty of perjury pursuant to 28 U.S.C. §1746 that all statements and allegations made herein are true and correct to the best of my knowledge, information and belief.

Executed this _____ day of _____ , 2019 at Correctional Training Facility, Monterey County, Soledad California.

Dated:_____

Respectfully submitted,

By _____

**Jason Smith-Declarant**

# EXHIBIT "A"

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# THIRD LEVEL APPEAL DECISION

Date:

In re:    Jason Smith, AD8099
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

TLR Case No.: 1816977          Local Log No.: CTF-18-02875

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. Z. Allen, Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:**   It is the appellant's position Correctional Training Facility (CTF) Correctional Officer (CO) I. Perez acted in an unprofessional manner. The appellant asserts on September 23, 2018, he informed CO Perez he was going to submit a CDC Form 602, Inmate/Parolee Appeal Form for violating CDCR policy, specifically for watching television for personal use, while on official duty, and for failing to adhere to CTF Operational Procedure 113.18. The appellant contends CO Perez stated, "You want to fuck with my program and write me up, I'm going to see how much contraband you have when I search your cell." The appellant claims on September 24, 2018, CO Perez retaliated against him by executing a "trasting" search of his cell, while he was in the Dining Hall for breakfast. The appellant contends upon his return to his cell, he recognized multiple legal documents were taken and other destroyed by coffee. The appellant requests that CO Perez cease and desist all retaliatory conduct against him; that CO Perez be the subject to a "Skelly Hearing" pursuant to CDCR Operations Manual, Section 33030.24.2 for his dereliction of duty and repeated retaliatory behavior; that CTF "C" Facility Managers and Unit Supervisors stop enabling CO Perez in his well-documented unprofessional and unconstitutional behavior; that he be compensated for the various legal documents that were taken and destroyed with coffee intentionally and maliciously by CO Perez; that he receive no more reprisals, directly and/or indirectly by prison officials; and that the reviewing authority conduct random interviews with the "X" Wing inmate population in support of the allegations raised.

**II   SECOND LEVEL'S DECISION:**   The Second Level of Review (SLR) identified and addressed the appellant's allegations of staff misconduct. The reviewer documented that an appropriate supervisory staff member was assigned to conduct an inquiry into this matter. The inquiry included a review of the evidence and an evaluation of any interview conducted. In order to determine the facts, the inquiry also included a review of pertinent documents, current policies, laws, and procedures. The SLR noted that all staff personnel matters are confidential in nature, and that the appellant would only be notified whether the actions of staff were or were not in compliance with policy. The SLR found that the staff did not violate CDCR policy with respect to one or more of the issues appealed. The SLR partially granted the appeal in that an inquiry was conducted.

**III   THIRD LEVEL DECISION:**   Appeal is denied.

   **A. FINDINGS:**   The Third Level of Review (TLR) finds that the appellant's allegations were appropriately reviewed and evaluated by administrative staff. The TLR notes that all staff personnel matters are confidential in nature and will not be disclosed to other staff, the inmate population, the general public, or the appellant. The appellant was informed that if the conduct of staff was determined to not be in compliance with policy, the institution would take the appropriate course of action. In this case, the SLR informed the appellant that an inquiry was completed and disclosed the determination of the inquiry to the appellant. The TLR reviewed the confidential inquiry and concurs with the determination of the SLR. The TLR notes that, while the appellant has the right to submit an appeal as a staff complaint, requests for: administrative action regarding staff; the placement of documentation in a staff member's personnel file; to reprimand staff; to remove staff from a position; and/or requests for

JASON SMITH, AD8099
CASE NO. 1816977
PAGE 2

monetary compensation are beyond the scope of the appeals process. The TLR finds the institution's response complies with departmental policy, and the appellant's staff complaint allegations were properly addressed. Therefore, no further relief shall be afforded at the TLR.

The appellant has added new issues and requests to the appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

**B. BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3000, 3001, 3084, 3270, 3380, 3391

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

K. Z. ALLEN, Appeals Examiner
Office of Appeals

M. VOONG, Chief
Office of Appeals

cc:    Warden, CTF
       Appeals Coordinator, CTF

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|
| 1816977  AD8099 | | 18-02875 | | |
| | | *FOR STAFF USE ONLY* | | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.        WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| SMITH, Jason | AD8099 | CW 223L | A1 |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

STAFF COMPLAINT: DOM §31140.1, DOM §31140.4, DOM §31140.4.3, CCR §3391

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): Correctional Officer I. Perez (PEREZ) is in direct violation of **CCR 3391(a)**. On 09-23-18, at approximately 10:20 A.M., PEREZ was informed by the Appellant that an inmate grievance was going to be submitted against

B. Action requested (If you need more space, use Section B of the CDCR 602-A): (1)That PEREZ cease and desist [all] retalitory conduct against Appellant for engaging in conduct protected by the U.S. Constitution; (2) PEREZ be subject to a "Skelly Hearing" pursuant to DOM §33030.24.2 for his

Supporting Documents: Refer to CCR 3084.3.
☒ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
CTF-Property Receipt; Notice of        Statement: CDCR Form 22, dtd.
Liability; Rights & Responsibility     8-19-18 by I/M OLIVER, C94894

☒ No, I have not attached any supporting documents. Reason: X-Wing Custody Cell Search Log Entries Records is not able to Appellant in support of these allegations but is incorporated hereto as if fully set forth herein.

Inmate/Parolee Signature: _Jason Smith_        Date Submitted: Oct. 05, 2018

☐ By placing my initials in this box, I waive my right to receive an interview.

RECEIVED
OCT 9 - 2018
CTF Appeals

REC BY OOA
DEC 0 3 2018

---

C. First Level - Staff Use Only        Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: ___**BYPASS**___ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.
    Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
        Date of Interview: _____ Interview Location: _____
Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
        See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
        (Print Name)
Reviewer: _____ Title: _____ Signature: _____
        (Print Name)
Date received by AC: _____

| | AC Use Only Date mailed/delivered to appellant ___ / ___ / ___ |
|---|---|

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

*1816977*

IAB USE ONLY | Institution/Parole Region: CTF | Log #: 18-02875 | Category:

2ND LEVEL STAFF COMPLAINT

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
**Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| SMITH, Jason | AD8099 | XW 233L | A1 |

**A. Continuation of CDCR 602, Section A only (Explain your issue):** (PEREZ) for violating CDCR Policies to wit: Watching television for personal use while on his (PEREZ) official post duty (X-Wing 2ND/W) and failure to adhere to CTF-OP §113.18 UNLOCKS/RELEASES at 10:00 A.M. PEREZ stated to the Appellant "YOU WANT TO FUCK WITH MY PROGRAM AND WRITE ME UP, I'M GOING TO SEE HOW MUCH 'CONTRABAND' you HAVE WHEN I SEARCH YOUR CELL." On 09-24-18, PEREZ retaliated against Appellant for the previous day incident and executed a trasting search of Appellant's cell while Appellant was in the Dining Hall for breakfast. Upon entering the cell (XW-233), Appellant recognized multiple "legal" documents was taken and others destroyed by coffee Appellant was drinking before going to breakfast. CTF-C Administrative Managers and Supervisors are enabling PEREZ unprofessional and unconstitutional retaliatory conduct, as this behavior has been brought to their attention on numerous occasion (prior) to Appellant arrival in X-Wing Unit on or about 05/23/2018. On 9-9-18, via the XW Unit M.A.C. Rep. Inmate Oliver [C94894] advised PEREZ of the regular delay for our un-locks and requested PEREZ make the scheduled un-locks per O.P.113.18, and if not PEREZ would be written up for watching the television.

Inmate/Parolee Signature: *Jason Smith*   Date Submitted: Oct. 05, 2018

STAFF USE ONLY   REC BY OOA   DEC 03 2018

**B. Continuation of CDCR 602, Section B only (Action requested):** dereliction of duty and repeated retaliatory behavior; (2) That CTF-C Facility Managers and Unit Supervisors STOP enabling PEREZ in his well documented unprofessional and unconstitutional behavior, as Managers, Supervisors also Reviewing Staff can be held liable in future civil litigation for failure to protect Appellant's state and federal Rights; (4) That Appellant be compensated for the various legal documents that was taken and destroyed with coffee intentionally and malious by PEREZ and (5) Appellant received no more reprisals, direct and/or indirectly by prison official, acting under color of state law. It is further requested that the Reviewing Authority conduct random interviews of X-Wing Inmate Population in support of the allegations raised herein.

Inmate/Parolee Signature: *Jason Smith*   Date Submitted: 10-05-2018

State of California

Attachment E-1
Department of Corrections and Rehabilitation

# Memorandum

Date   :   October 27, 2018

To   :   Inmate Smith, # AD8099
XW-233L, Correctional Training Facility

Subject:   **STAFF COMPLAINT RESPONSE - APPEAL # CTF-S-18-02875 *SECOND* LEVEL RESPONSE**

**APPEAL ISSUE:** Inmate Smith you alleged on September 23, 2018, at about 1020 hours you informed Officer Perez you were going to submit an Inmate grievance for violating CDCR policies and Officer Perez replied "You want to fuck with my program and write me up, I'm going to see how much contraband you have when I search your cell. On September 24, 2018, Officer Perez retaliated against you for the previous day and executed a thrashing search of your cell while you were in the Dining Hall for breakfast. Upon returning from breakfast you recognized multiple legal documents were taken and others destroyed by coffee. All issues unrelated to the allegation of staff misconduct must be appealed separately and will not be addressed in this response. You do not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by you in this complaint. If you are unable to name all involved staff you may request assistance in establishing their identity. All issues unrelated to the allegation of staff misconduct must be appealed separately and will not be addressed in this response. You do not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by you in this complaint. If you are unable to name all involved staff you may request assistance in establishing their identity.

**DETERMINATION OF ISSUE**: A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal is: Being processed as an Appeal Inquiry.

You were interviewed on October 20, 2018, by Correctional Lieutenant D. Marquez and you provided no additional information.

**Your appeal is PARTIALLY GRANTED in that:** The appeal inquiry is complete/ has been reviewed and all issues were adequately addressed.

The following witnesses were questioned: Officer I. Perez, Officer I, Gomez, and Officer, M. Robledo. Inmate Oliver (C94894) refused to interview. The following information was reviewed as a result of your allegations of staff misconduct: your CDCR Form 602 and all confidential interviews. Staff did not violate CDCR policy with respect to one or more of the issues appealed.

Attachment E-1

Inmate Smith, AD8099
CTF-S-18-02875
Page 2

**ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.** As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint. Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: D. MARQUEZ., LT _____    Sign: _____    Date: 11/5/18
         Interviewer

Print: M. BITER, CDW (A) _____    Sign: _____    Date: 11/9/18
         Reviewing Authority

Appeal Log No: CTF-S-18-02875

STATE OF CALIFORNIA                                     DEPARTMENT OF CORRECTIONS AND REHABILITATION
**RIGHTS AND RESPONSIBILITY STATEMENT**
CDCR 1858  (Rev. 10/06)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

***Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:***

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

against
**[PLEASE TAKE NOTE:** This is a Staff Complaint of misconduct/~~by~~ Correctional Officer PEREZ, I., in violation of D.O.M. §§ 31140.1, 31140.4 and 31140.4.3; CCR §3391(a) for retaliatory behavior against Appellant-Complainant while engaged in protected conduct.(See Inmate Appeal Log# CTF-_____ dated 10-5-18,filed concurrently.

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| *Jason Smith* | *Jason Smith* | *10/05/18* | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| Jason Smith | *Jason Smith* | AD8099 | 10-5-18 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

# EXHIBIT   "B"

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# THIRD LEVEL APPEAL DECISION

Date:    MAR 2 5 2019

In re:    Jason Smith, AD8099
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

TLR Case No.: 1819340          Local Log No.: CTF-18-03431

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner W. Sinkovich. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that staff is retaliating against him for the purpose of, "chilling" the appellant's Constitutional rights. Specifically, appellant contends Correctional Officer (CO) J. Mendoza retaliated against him by leaving mail and confidential medical ducats on the floor in front of the appellant's cell. Appellant further contends that CO Mendoza retaliated against him by rehousing him on three different wings in less than six months. Appellant is requesting a, "cease and desist" of the retaliatory housing moves and, "protected conduct" and wants the supervising Sergeants to be cognizant of the retaliation. Appellant also requests the removal of all televisions and other entertainment devices from the X-Wing staff office.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the appellant—and five other inmates—were moved out of the X-Wing unit to facilitate a move of Security Threat Group (STG) inmates into the unit. This STG movement affected inmates in Y and Z housing units as well. CO Mendoza was interviewed regarding this appeal and stated he routinely slides medical ducats through the cell door jamb for the inmates to retrieve. Mendoza informed the appellant of the medical ducat in the door jamb and the appellant did not get up to retrieve it. When the cell door was opened during the unlock, the ducat fell to the floor and the appellant's neighbor picked it up and handed to the appellant. The appeal was partially granted at the Second Level of Review (SLR). Part granted: appellant's request to cease and desist retaliatory housing moves and "protected conduct" as staff does not retaliate against inmates. Granted was the appellant's request to have televisions and other entertainment devices removed from X-Wing staff office as those devices are not to be utilized while staff is on duty, however, entertainment devices temporarily taken from inmates who have lost privileges will be maintained on the unit until they are returned to the owner after loss of privileges. Also granted was the appellant's request to have all actions addressed pursuant to California Code of Regulations, Title 15, Section (CCR) 3084.7(h). All other requested actions were denied.

**III    THIRD LEVEL DECISION:** Appeal is denied.

A.    **FINDINGS:** After considering the evidence and arguments presented to the Third Level of Review (TLR), it has been determined that the institution acted appropriately on the appellant's appeal issue. The Examiner notes this appeal was reviewed by the Correctional Training Facility (CTF) Hiring Authority and determined to not meet the criteria for response as a staff complaint, rather the appeal has been categorized as a Mail issue. The Examiner does not recognize a priority medical ducat as a confidential document. The appellant has failed to support his appeal issue with sufficient evidence, facts or compelling argument to warrant a modification of the reviewer's decision at the SLR. The Examiner at the TLR has carefully considered all of the documents and information provided as well as weighing the impact of current laws, policies and procedures in formulating a decision. There is no evidence staff is conspiring to deny the appellant his Constitutional rights in this matter. In review of the above, no further relief is warranted at the TLR.

B.    **BASIS FOR THE DECISION:** CCR Section: 3001, 3084.1, 3084.7

C.    **ORDER:** No changes or modifications are required by the Institution.

JASON SMITH, AD8099
CASE NO. 1819340
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

W. SINKOVICH, Appeals Examiner
Office of Appeals

M. VOONG, Chief
Office of Appeals

cc:     Warden, CTF
        Appeals Coordinator, CTF

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE APPEAL

**1819340**    AD8099

**IAB USE ONLY**    Institution/Parole Region: **18- 0 3 4 3 1**    Side 1
Log #:    Category: **3**

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Smith        Jason | AD-8099 | C-Wing/223L | Edu |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Staff Complaint-CCR 3391, C/O J. Mendoza Retaliation

**RECEIVED**
**NOV 20 2018**
**CTF Appeals**
18 03431

A. **Explain your issue** (If you need more space, use Section A of the CDCR 602-A): On 11/08/18, Appellant submitted an inmate grievance concerning C/O J. Mendoza's unprofessional handling of inmates' U.S. Postal mail, to wit: leaving the mail on the tier floor infront

B. **Action requested** (If you need more space, use Section B of the CDCR 602-A): (i) That CTF-C Staff cease and desist targeting appellant for Housing moves for engaging in a "Protected Conduct."(ii) That Supervising Sergeants be cognizant that appellant is being

**Supporting Documents: Refer to CCR 3084.3.**
☒ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
CDCR 22 Form dated: 11/07/18
Rights & Responsibility Statement

☒ No, I have not attached any supporting documents. Reason : Appellant has NOT received his I/M Assignment Notice for the CDCR-602 dated 11/08/18 nor has Appellant received his I/M Assignment Notice for the Medical CDCR-602 submitted on 11/15/18.

Inmate/Parolee Signature: _Jason Smith_    Date Submitted: 11/18/18

**REC BY OOA**
**JAN 18 2019**

☐ **By placing my initials in this box, I waive my right to receive an interview.**

**C. First Level - Staff Use Only**    Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

**BYPASS**

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
(Print Name)

Reviewer: _____ Title: _____ Signature: _____
(Print Name)

Date received by AC: _____

**AC Use Only**
Date mailed/delivered to appellant ___ / ___ / ___

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

Inmate/Parolee Signature: _____ Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): 05/22/18 Appellant was in F-Wing, on 05/23/18 Appellant was in X-Wing, and by 11/15/18 Appellant was in C-Wing. Third, Appellant was informed by Lt. J.L.Gonzales Jr. on 12/11/18 during his interview that the additional information Appellant had relayed to him would be documented. Appellant stated to Lt. J.L.Gonzales Jr. on 12/11/18, that on 11/16/18, he requested from Supervising Sgt. R.Glaze that an emergency work order be submitted for C-Wing/cell#223 or that Appellant be rehoused, to which Sgt. R.Glaze stated,"602 it!" Appellant also request-ed later on 11/16/18 that a work order be submitted or Appellant be rehoused to C-Wing Housing Officers B.Aguirre and M.Zavala, who responded by saying, "You don't have anything coming in this Unit because you already went com-plaining to Sgt. R.Glaze and we heard about you!" Additionally, Appellant requested from C/O J.Ibarra on 01/08/19 that a work order be submitted for the windows to be fixed to which C/O J.Ibarra responded by saying, "he knows windows in the cell are missing before Appellant's arrival in the Unit and there is a reason why I'm in that cell. Appellant now seek to be compensated for these unconstitutional treatments.

Inmate/Parolee Signature: _Jason Smith_ Date Submitted: 01/11/19

**DEPARTMENT OF CORRECTIONS AND REHABILITATION**
**Correctional Training Facility**
**Soledad, California**

## Second Level Appeal Decision

*NAME: SMITH*          *CDC#: AD8099*          *HOUSING: CW-223L*

<u>RE:</u>   CTF APPEAL LOG No. *CTF-S-18-03431*

## APPEAL ISSUE: MAIL

The appellant contends X-Wing Officer J. Mendoza acts unprofessional regarding the handling of inmate mail and priority ducats. The appellant contends the mail is left in front of the cell doors, furthermore, the appellant contends a medical ducat was discovered on the unit floor by another inmate, who returned the ducat to the appellant.

The appellant contends when he addressed the issues to the housing unit Officer Mendoza, he stated "people who write me up don't stay in this unit, and I know you filed a California Department of Corrections & Rehabilitation (CDCR) 602 against Officer I. Perez about watching T.V".

The appellant contends subsequently on November 15, 2018, Officer Mendoza stated pack your shit; I made sure you got a warm cell. The appellant states he was rehoused from XW-233L to C-Wing 233L with several windows missing.

## ACTION REQUESTED

The appellant is requesting the following:
1.   That Correctional Training Facility (CTF) staff cease and desist targeting appellant for housing moves for engaging in a "Protected Conduct".
2.   That supervising Sergeants be cognizant that appellant is being retaliated against.
3.   The reviewing staff confirms that in less than six months, appellant has been housed in 3 different wings, from May 22, 2018 thru November 15, 2018.
4.   That all actions requested be addressed per California Code of Regulations (CCR), Section, 3084.7(h).
5.   That all television and other entertainment devices be removed from X-wing staff office, as prior to Lt. Kemp retiring he removed all devices and instructed staff not to use while on their post duties.

## APPEAL RESPONSE: *PARTIALLY GRANTED*

The First Formal Level of Review was bypassed per CCR, Section, §3084.5(b).

The appellant is not a participant in the Mental Health Services Delivery System (MHSDS) at any level of care.  A review of the Test of Adult Basic Education (TABE) list reveals the appellant has a reading grade point level of 9.4 and the Disability and Effective Communication System (DECS) reveals that the appellant does not have a physical impairment that would limit Effective Communication (EC). Therefore, the appellant did not require special accommodation to achieve EC.

The appellant was interviewed on December 11, 2018, by Correctional Lieutenant J. L. Gonzales Jr. During the interview the appellant reiterated what was in the appeal and had nothing further to add.

Second Level Appeal Decision
CTF Appeal Log #CTF-S-18-03431
Page 2 of 3

On December 11, 2018, Correctional Officer J. Mendoza was interviewed regarding this appeal. Officer Mendoza stated on November 15, 2018, X-Wing staff were instructed to move programming inmates to other wings to facilitate the inmate Security Threat Group (STG) II Bulldogs, because they were moving in here. We moved six inmates out of X-Wing to C-Wing, and we received six Bulldogs from C-Wing. Inmate Smith is a programming inmate, and was instructed to pack his stuff, because he was chosen to move to C-Wing by the housing unit staff.

Officer Mendoza further stated while passing priority ducats staff usually see if the inmates are in the cell, slide the ducat through the door jam and the inmates usually retrieve the ducats. Mendoza stated on this occurrence he noticed the appellant laying on the cell bed, when he approached his cell door to issue the medical ducat. Mendoza made the statement "the medical ducat was being placed in the door jam", the appellant did not retrieve it. Officer Mendoza states, during DOT he unlocked the cell door and observed the medical ducat fall to the floor and at time the appellant's neighbor, Inmate Hampton retrieved the ducat from the floor and gave it to the appellant.

It should be noted on November 15, 2018, due to the current Program Status Report (PSR) CTF-C-18-003, CTF Administration collectively decided to move all STG II Bulldogs to the eastern part of Central Facility, which consists of X, Y and Z Housing Units. Therefore, numerous inmates were moved from X, Y and Z Wings to facilitate the Bulldogs.

**REGULATIONS: The rules governing the issues are:**

CCR §3004 Right and Respect of Others
CCR §3084 Appeals

**DECISION: PARTIALLY GRANTED at the Second Level of Review.**

The appellant's request that CTF staff cease and desist targeting appellant for housing moves for engaging in a "Protected Conduct" is **GRANTED**. CTF does not retaliate against inmates for filing appeals.

The appellant's request that Supervising Sergeants be cognizant that appellant is being retaliated against in the form of housing moves by respective Housing Officers for engaging in a "Protected Conduct" is **DENIED**. The appellant's request for no retaliation or reprisals directly or indirectly taken against him by any Correctional staff under Color of Law for initiating this appeal is moot as CTF is in compliance with the CCR, Section 3084.1 (d).

The appellant's request the reviewing staff confirm that in less than "Six Months", appellant has been housed in three different wings, from May 22, 2018 to November 15, 2018 is **DENIED**. The appellant was housed in XW-233L on May 23, 2018, and moved to C-Wing 233L on November 15, 2018, therefore the appellant was moved once in six months.

The appellant's request that all actions requested be addressed per CCR, Section, 3084.7(h) is **GRANTED**. All actions requested have been answered and addressed by the reviewer.

Second Level Appeal Decision
CTF Appeal Log #CTF-S-18-03431
Page 3 of 3

The appellant's request that all Television and other entertainment devices be removed from X-Wing staff office, as prior to Lt. Kemp retiring he removed all devices e.g. T.V. Radios etc. and instructed staff not to use those devices while they are on their Post Duty is **GRANTED.** All entertainment devices that are not assigned to inmates shall be removed from the staff office; entertainment devices pending temporally Loss of Privileges (LOP) due to a Rules Violation Report (RVR) shall be kept in a secured dry area within the housing unit until the LOP is satisfactorily met.

Based upon the information contained in the aforementioned, your appeal is **PARTIALLY GRANTED** at the Second Level of Review. If dissatisfied with this decision, appellant may submit this appeal for a Director's Level Review by following the directions in Section F of the appeal.

Prepared By: _____

J.L. GONZALES JR
Correctional Lieutenant

Date: 12/26/18

Reviewed By: _____

K. HOFFMAN
Chief Deputy Warden (A)

Date: 1-4-19

cc:    Appeals Office File
       Inmate's Central File

Requesting a response pursuant CCR 3086(f)(4)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| Smith | Jason | AD8099 | Jason Smith |

| HOUSING/BED NUMBER: | ASSIGNMENT: | | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| X-Wing/233L | Edu. | HOURS FROM_____ TO_____ | I/M Mail & Priority Ducats |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW: Pursuant to CDCR Policies and Federal Postal Services Guidelines, are CTF-Central Housing Unit Correctional Officers permitted when passing out inmates personal mail with their families confidential return addresses, to just place it in the doors or kick it underneath the cells with the Officers' dirty booths? Also are CTF-C Staff permitted to just leave inmates "CONFIDENTIAL MEDICAL DUCATS" in the door allowing other inmates to see the I/M's medical appointments?

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **\*\*NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED \*\***
☐ SENT THROUGH MAIL: ADDRESSED TO: X-Wing Housing Unit C/O J. Mendoza     DATE MAILED: ___ / ___ / ___
☒ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE)  YES  (NO) |
|---|---|---|---|
| | | | |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE) (IN PERSON)  BY US MAIL |
|---|---|---|
| X-Wing Housing Unit C/O J. Mendoza | 11/07/18 | |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

# EXHIBIT "C"

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|
| | | | | |
| | | *FOR STAFF USE ONLY* | | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**    **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): Smith, Jason | CDC Number: AD8099 | Unit/Cell Number: CW-223 | Assignment: Education |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.): Deliberate Indifference and Failure to Protect from Extreme Cold (Cf. Gaston v. Coughlin, 249 F.3d 156, 165 (2d Cir. 2001))

**A. Explain your issue** (If you need more space, use Section A of the CDCR 602-A): I'm compelled to prosecute this Administrative Appeal against Prison Guard M. Zavala for deliberate and malicious acts consisting of, but not limited to: (1) Retaliation for Taking Part in Protected Conduct; (2) Denial of a

**B. Action requested** (If you need more space, use Section B of the CDCR 602-A): I request monetary compensation for all injuries directly or indirectly caused by the events set forth herein.

**Supporting Documents: Refer to CCR 3084.3.**
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____    _____

_____    _____

☐ No, I have not attached any supporting documents. Reason : _____

_____

_____

Inmate/Parolee Signature: *Jason Smith*    Date Submitted: 02/19/19

☐ **By placing my initials in this box, I waive my right to receive an interview.**

**C. First Level - Staff Use Only**    Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.
Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: _____ Interview Location: _____
Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
(Print Name)
Reviewer: _____ Title: _____ Signature: _____
(Print Name)
Date received by AC: _____

| AC Use Only |
|---|
| Date mailed/delivered to appellant ___ / ___ / ___ |

*(right margin, vertical text)* STAFF USE ONLY

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

**Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Smith, Jason | AD8099 | CW-223 | Education |

**A. Continuation of CDCR 602, Section A only (Explain your issue):** Basic Human Need; (3) Intemperance; and, (4) Inefficiency. On 1-24-19, multiple prisoners were rehoused to Z-Wing from C-Wing. I asked Prison Guard Zavala to house me in a cell with windows intact. "Mendoza [J. Mendoza] reserved that cell for you." Zavala stated as she denied my request. The cell I'm currently in has multiple broken windows. During inclement weather, the temperature inside cell 223 is extremely cold. The winter weather has in fact been wet and cold. I explained to Zavala that the makeshift coverings are removed from the windows, and I'm not provided extra clothing, linen or blankets in effort "bundle up" and weather the cold temperatures. As such, a move to a cell with intact windows would remedy the situation. Instead, Zavala personally informed me that she was not going to move me despite multiple available cells in Z-Wing (multiple Black prisoners were being involuntarily moved to Z-Wing from C-Wing). I've been forced to endure severe cold temperatures for an extended period of time. Even brief exposure to very cold temperatures can violate the Constitution. Cold temperatures need not imminently threaten prisoners' health to violate the Eighth Amendment (Dixon v. Godinez, 114 F.3d at 644).

Inmate/Parolee Signature: *Jason Smith*    Date Submitted: 02/10/19

**B. Continuation of CDCR 602, Section B only (Action requested):** _____

Inmate/Parolee Signature: _____    Date Submitted: _____

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print):   (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| Smith | Jason | AD-8099 | *Jason Smith* |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM_____ TO_____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| C-wing/223 | Edu. | | I/M Assignment Notice |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW: I'm requesting you send me a copy of my Inmate Assignment Notice for a 602 I submitted on 02/10/19.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **\*\*NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED \*\***

☐ SENT THROUGH MAIL:  ADDRESSED TO:___Office of the Appeals Coordinator___ DATE MAILED: 02/10/19

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE)  YES  NO |
|---|---|---|---|
| Y. Martinez | 2/15/19 | | YES |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE)  IN PERSON  BY US MAIL |
|---|---|---|
| Office of the Appeals Coordinator | 02/15/19 | BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL.  KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE
CDCR 22 (10/09)

### SECTION A:  INMATE/PAROLEE REQUEST

| NAME (Print):   (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| Smith | Jason | AD-8099 | |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM_____ TO_____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| C-Wing/223L | Edu. | | I/M Assignment Notice |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

I have NOT received my inmate assignment notice for my CDCR 602 submitted on 02/10/19, nor have I received a response to my CDCR Form 22 submitted on 02/18/19, requesting my inmate assignment notice. Failure to process my inmate appeal will lead to it being considered exhausted under Sapp v. Kimbrell.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **\*\*NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED \*\***
☑ SENT THROUGH MAIL:  ADDRESSED TO: Office of the Appeals Coordinator      DATE MAILED: 02/20/19
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE)   YES   NO |
|---|---|---|---|
| C/O G Rivas | 2-20-19 | | YES |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE)   IN PERSON   BY US MAIL |
|---|---|---|
| Office of the Appeals Coordinator | 02/20/19 | BY US MAIL |

### SECTION B:  STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

### SECTION C:  REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL.  KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

### SECTION D:  SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

# EXHIBIT  "D"

STATE OF CALIFORNIA

**HEALTH CARE GRIEVANCE**

CDCR-0602 HC (Rev. 06/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| STAFF USE ONLY | Expedited? ☐ Yes ☐ No | Institution: CTF HC | Tracking #: 18001621 |
|---|---|---|---|

| Staff Name and Title (Print) | Signature | Date |
|---|---|---|

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, only one CDCR 602 HC A Health Care Grievance Attachment will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Section 3087 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): Smith    Jason | CDCR #: AD-8099 | Unit/Cell #: X-Wing/233L |
|---|---|---|

**SECTION A:** Explain the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy. Staff Complaint-Mishandling and Inappropriate distribution of Inmates' Confidential Medical Ducats.... It has been the custom of X-Wing C/O J. Mendoza, for the past several months when passing out inmates' confidential medical ducats to just place it in the doorway of the cells. These confidential medical ducats are lefted in the cell doors without regards of privacy to the inmates, thief or the possibility them falling to the ground. On 11/09/18 at or about 5:45 p.m., appellant was allowed to go pick up his nightly Direct Observation Therapy medication at

*If you need more space, use Section A of the CDCR 602 HC A*

☒ Supporting Documents: Refer to CCR 3087.2. List supporting documents attached:

    Appellant's Confidential Medical Ducat

☐ No, I have not attached any supporting documents. Reason:

| Grievant Signature: *Jason Smith* | Date Submitted: 11/15/18 |
|---|---|

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.    J.S.

| HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☐ Yes ☐ No |
|---|---|

This grievance has been:                 **DEC 0 5 2018**

☒ Rejected (See attached letter for instruction):  Date: _____    Date: _____

☐ Withdrawn (see section C)

☐ Accepted    Assigned To: _____    Title: _____    Date Assigned: _____    Date Due: _____

Interview Conducted?    ☐ Yes ☐ No    Date of Interview: _____    Interview Location: _____

Interviewer Name and Title (print): _____    Signature: _____    Date: _____

Reviewing Authority Name and Title (print): _____    Signature: _____    Date: _____

| **Disposition:** See attached letter | ☐ Intervention | ☐ No Further Intervention | ☐ No Intervention |
|---|---|---|---|

*If dissatisfied with Institutional Level Response, complete Section B.*

HCGO Use Only: Date closed and mailed/delivered to grievant:

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | |
|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions | |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information | |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | **Please check one:** | |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached | |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes | |
| 4. Comments: Tabe = 9.4 | | | |

RECEIVED
CTF
NOV 2 7 2018  STAFF USE ONLY
HCGO

STATE OF CALIFORNIA

HEALTH CARE GRIEVANCE ATTACHMENT

CDCR 602 HC A (06/17)

DEPARTMENT OF CORRECTIONS AND REHABILITA

Page 1

Case 5:19-cv-03750-BLF    Document 1    Filed 06/27/19    Page 51 of 56

STAFF USE ONLY

Institution: CTF HC          Tracking #: 18 0 0 1 6 2 1

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): | CDCR Number: | Unit/Cell Number: |
|---|---|---|
| Smith          Jason | AD-8099 | X-Wing/233 |

**SECTION A:** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the decision, action, condition, omission, policy o regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy) :

which time he was approached by inmate Hampton,X-Wing/cell 230;CDC#P-31929.
Appellant was given a confidential medical ducat and was told by inmate
Hampton that he had found the ducat on the second tier floor. C/O J. Mendoza
was the ONLY officer passing out ducats on 11/09/18. Appellant has a reason-
able expectation to have ANY medical appointment to be confidential. Appellant
is asserting that the customs and practices of C/O J. Mendoza leaving inmates'
confidential medical ducats in cell doors is illegal and is requesting C/O
J. Mendoza discontinue this practice and hand inmates their ducats in person.

Grievant Signature: *Jason Smith*          Date Submitted: 11/16/18.

**SECTION B:** Continuation of CDCR 602 HC, Health Care Grievance Appeal, Section B only (Dissatisfied with Health Care Grievance Respons

Grievant Signature: _____          Date Submitted: _____

RECEIVED
CTF
NOV 27 2018

**STAFF USE ONLY**

# EXHIBIT "E"

**\* Auth (Verified) \***

5110710

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

DEPARTMENT OF CORRECTIONS

## HEALTH CARE SERVICES REQUEST FORM

### PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

REQUEST FOR:    MEDICAL ☒    MENTAL HEALTH ☐    DENTAL ☐    MEDICATION REFILL ☐

| NAME | CDC NUMBER | HOUSING |
|---|---|---|
| Jason Smith | AD 8099 | C-Wing/223L |
| PATIENT SIGNATURE Jason Smith | | DATE 11/22/18 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) I'm requesting some allergy medication and any other medication deemed appropriate to treat a cold and stuffy nose I have contracted as a result of being re-housed in a cell with numerous windows missing which have exposed me to temperatures of 30 to 40 degrees over the pass couple nights.

NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM

### PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

### PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

| Date / Time Received: NOV 23 2018 | Received by: OGWURUMBA, RN |
|---|---|
| Date / Time Reviewed by RN: 0113 | Reviewed by: |

S:                                    Pain Scale:  1  2  3  4  5  6  7  8  9  10

O:    T:    P:    R:    BP:    WEIGHT:

A:

P:

☐ See Nursing Encounter Form

E:

| APPOINTMENT SCHEDULED AS: | EMERGENCY ☐ (IMMEDIATELY) | URGENT ☐ (WITHIN 24 HOURS) | ROUTINE ☐ (WITHIN 14 CALENDAR DAYS) |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY | | NAME OF INSTITUTION | |
| PRINT / STAMP NAME | SIGNATURE / TITLE | | DATE/TIME COMPLETED |

CDC 7362 (Rev. 03/04)    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

**\* Auth (Verified) \***

7281304

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

## HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

### PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

REQUEST FOR:    MEDICAL ☑    MENTAL HEALTH ☐    DENTAL ☐    MEDICATION REFILL ☐

| NAME | CDC NUMBER | HOUSING |
|---|---|---|
| JASON Smith | AD8099 | C-WiNg/223 |

| PATIENT SIGNATURE | DATE |
|---|---|
| Jason Smith | 12/02/18 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) _I'm REQUESTING SOME ALLERGY AND Cold MEDication for an ongoing Cold and Stuffy NOSE I have._

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

### PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

### PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

| Date / Time Received: | | Received by: | Roberto Luna RN, BSN |
|---|---|---|---|
| Date / Time Reviewed by RN: | 12/4/18 0811 | Reviewed by: | |

S:                                    Pain Scale:  1  2  3  4  5  6  7  8  9  10

O:    T:        P:        R:        BP:            WEIGHT:

A:

P: ⑧ RHC
☐ See Nursing Encounter Form

E:

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY | | NAME OF INSTITUTION | |
| PRINT / STAMP NAME | SIGNATURE / TITLE | | DATE/TIME COMPLETED |

CDC 7362 (Rev. 03/04)    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

**\* Auth (Verified) \***

7279797

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

**HEALTH CARE SERVICES REQUEST FORM**

DEPARTMENT OF CORRECTIONS

| PART I: TO BE COMPLETED BY THE PATIENT |
|---|
| *A fee of $5.00 may be charged to your trust account for each health care visit.* |
| **If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.** |

REQUEST FOR:    MEDICAL ☒    MENTAL HEALTH ☐    DENTAL ☐    MEDICATION REFILL ☐

| NAME Smith, Jason | CDC NUMBER AD 8099 | HOUSING C-Wing/223 |
|---|---|---|
| PATIENT SIGNATURE *Jason Smith* | | DATE 01/16/19 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) *I'm REQUESTING A NACAL ALLERGY symptom RELIEVER, AS I AM PRESENTLY suffering from Allergy and cold symptoms. I'm also REQUESTING* ==some PAIN Medication for my arthritis of the right shoulder in the morning due to the cold tempature in the A.M.==

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

| PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT |
|---|
| ☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.) |

| PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE |
|---|
| Date / Time Received: | Received by: Roberto DeLuna |
| Date / Time Reviewed by RN: 1/17/19 0711 | Reviewed by: RN, BS |
| S: | Pain Scale: 1 2 3 4 5 6 7 8 9 10 |

O:   T:   P:   R:   BP:     WEIGHT:

A:

P:   S   RN

☐ See Nursing Encounter Form

E:

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY | | NAME OF INSTITUTION | |
| PRINT / STAMP NAME | SIGNATURE / TITLE | | DATE/TIME COMPLETED |

CDC 7362 (Rev. 03/04)    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

**\* Auth (Verified) \***

7281453

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

## HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

### PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

REQUEST FOR:    MEDICAL ☑    MENTAL HEALTH ☐    DENTAL ☐    MEDICATION REFILL ☐

NAME *Jason Smith*  CDC NUMBER *A08099*  HOUSING *CW/223*

PATIENT SIGNATURE *Jason Smith*  DATE *02/10/19*

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) *I'm REQUESTING some Cold and Sinus medications*

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

### PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment.  (Send pink copy to Inmate Trust Office.)

### PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

| | | |
|---|---|---|
| Date / Time Received: | @ 0733 | Received by: |
| Date / Time Reviewed by RN: FEB 1 1 2019 | | Reviewed by: *Julie Ansari R.N. B.S.N.* |

S:    Pain Scale:  1  2  CTF - Soledad 5  6  7  8  9  10

O:    T:    P:    R:    BP:    WEIGHT:

A:

P: ⑤

☐ See Nursing Encounter Form

E:

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY | | NAME OF INSTITUTION | |
| PRINT / STAMP NAME | SIGNATURE / TITLE | | DATE/TIME COMPLETED |

CDC 7362 (Rev. 03/04)    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

Facility: CTF

Page 9 of 45