UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SMITH,<br><br>      Plaintiff,<br><br>v.<br><br>J. MENDOZA, et al.,<br><br>      Defendants. | Case No. 19-03750 BLF (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY DISCOVERY**<br><br><br>(Docket No. 29) |

Plaintiff, a state prisoner proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983. The Court found the complaint, liberally construed, stated cognizable claims and ordered service of the action on Defendants. Dkt. No. 3. On June 19, 2020, Defendants filed a motion for summary judgment. Dkt. No. 23. On July 22, 2020, Defendants filed a motion to stay discovery pending ruling on the question of qualified immunity. Dkt. No. 29.

**DISCUSSION**

A.    **Motion to Stay Discovery**

Defendants assert that they have diligently responded to Plaintiff's discovery requests thus far, and that there are no other outstanding discovery requests. Dkt. No. 29 at

4. Defendants request a stay of additional discovery pending the Court's ruling on their qualified immunity defense. *Id.* at 4-5. The Court finds that before it can consider whether qualified immunity is warranted, the threshold issue of whether Plaintiff properly exhausted his administrative remedies with respect to his Eighth and Fourteenth Amendment claims must be decided, which is another grounds presented in Defendants' motion for summary judgment.

A district court has broad discretion to stay discovery pending the disposition of a dispositive motion. *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976); *Hovermale v. School Bd. of Hillsborough County*, 128 F.R.D. 287, 289 (M.D. Fla. 1989). But it is an abuse of that discretion to stay discovery if plaintiff is denied discovery that relates to the motion. *See Scroggins*, 534 F.2d at 1133. In addition, motions to stay discovery are not favored where resolution of the dispositive motion may not dispose of the entire case. *See Panola Land Buyers Assoc. v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *Hovermale*, 128 F.R.D. at 289-90.

Exhaustion of administrative remedies should be decided, if feasible, before reaching the merits of a prisoner's claim. *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc). If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later – if it becomes necessary – discovery directed to the merits of the suit. *Id*. A motion for summary judgment need not be directed solely to the issue of exhaustion. If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions to jurisdiction and venue. *Id*. at 1170 (citing cases). But whenever feasible, disputed factual questions relevant to exhaustion should be decided at the very beginning of the litigation. *Id*. at 1171. Accordingly, Defendants' motion for a stay of discovery is **GRANTED IN PART** with respect to the merits of the claims against them but **DENIED** with respect to

evidence concerning exhaustion.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion for a stay of discovery is **GRANTED IN PART** with respect to the merits of the claims against them but **DENIED** with respect to evidence concerning exhaustion. Dkt. No. 29. In opposition, Plaintiff must address Defendants' grounds for summary judgment based on exhaustion and qualified immunity. If he believes additional discovery is necessary to oppose Defendants' claims on the merits, he must so indicate in his opposition. Notwithstanding the partial stay of discovery, Plaintiff may still oppose all the grounds presented in Defendants' summary judgment motion if he is so prepared to do so based on the discovery obtained thus far.

2. Consistent with the foregoing, Plaintiff may request discovery from Defendants solely with respect to the exhaustion of administrative remedies necessary to prepare his opposition which is currently due by September 15, 2020.

3. If Defendants' motion for summary judgment on the grounds of failure to exhaust administrative remedies is denied along with their qualified immunity defense, the Court will reopen discovery on the merits of the surviving claims if necessary.

This order terminates Docket Nos. 29.

**IT IS SO ORDERED.**

Dated: __August 10, 2020_____

BETH LABSON FREEMAN
United States District Judge

Order Granting and Denying In Part M. to Stay Disc.
PRO-SE\BLF\CR.19\03750Smith_disc