UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SMITH,<br><br>      Plaintiff,<br><br>    v.<br><br>J. MENDOZA, et al.,<br><br>      Defendants. | Case No. 19-03750 BLF (PR)<br><br>**ORDER DENYING MOTION TO RELATE CASES**<br><br><br><br>(Docket No. 43) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against employees at the Correctional Training Facility in Soledad. Plaintiff has filed a motion to consider whether this matter should be related to *Murray v. Ibarra, et al.*, Case No. 20-cv-00675-DMR. Dkt. No. 43. Defendants filed opposition. Dkt. No. 44.[1]

This Court's Local Rules provide that actions are deemed "related" when both "concern substantially the same parties, property, transaction or event; and it is "likely that there will be an unduly burdensome duplication of labor and expense or conflicting results

---

[1] In support, Defendants request judicial notice of a copy of the complaint filed in *Murray v. Ibarra, et al.*, N.D. Cal. Case No. 4:20-cv-00675-DMR. Dkt. No. 44-1. The request is GRANTED. Fed. R. Evid. 201(d); *U.S. v. Wilson*, 631 F.2d 118, 19 (9th Cir. 1980).

if the cases are conducted before different Judges." N. D. Cal. Local Rule No. 3-12(a)(1)-(2).

Plaintiff claims the two cases involve substantially the same parties and events as this matter. Dkt. No. 43 at 2. Plaintiff asserts that the plaintiff in *Murray v. Ibarra*, also alleged being exposed to extreme cold weather while being housed in the same cell as Plaintiff. *Id.* Plaintiff also asserts that it appears likely that there will be conflicting results if the cases are conducted before different judges. *Id.*

Defendants assert in opposition that the two complaints share only two Defendants in common (Ibarra and Zavala) and contain wholly different allegations and therefore should not be related. Dkt. No. 44 at 1. They point out that while Plaintiff alleges retaliation related to a cell search, lost personal property, and improper housing in a cell with missing windows and related conditions of confinement, Mr. Murray's complaint involves allegations regarding the deprivation of basic necessities, including clean cloths, linen blankets, and hygiene items, as well as denial of law-library access, phone calls, paper, pens, and envelopes, and lack of adequate medical care. *Id.* at 3-4; Dkt. No. 44-2. Defendants point out that Plaintiff attempts to relate the two cases by relying on Mr. Murray's affidavit in which he states he was exposed to extreme cold weather conditions while being housed with Plaintiff in a cell with missing windowpanes. *Id.* They assert, however, that Mr. Murray's lawsuit does not allege any claims as to the broken windowpanes in his cell and does not allege that he was involved in the events in Plaintiff's case. *Id.* at 2-3. Defendants assert, therefore, that the cases do not rise out of the same event and do not involve the same parties, and there is therefore no factual or legal basis for relating them. *Id.* at 5. Lastly, Defendants assert that because none of the legal issues, discovery, briefing or evidence in Plaintiff's case relates to Mr. Murray's case, there will be no savings with regards to labor or expense by relating the cases nor is there any potential for conflicting results if the cases are not related. *Id.*

The Court finds that the two cases do not satisfy the requirements of Rule 3-12. First of all, the two cases do not involve substantially the same parties. Plaintiff's case involves seven defendants while Mr. Murray's case involves three defendants, and only

two of the defendants are named in both lawsuits.  Neither do the two cases involve the same transaction or events.  As Defendants correctly point out, Plaintiff's lawsuit is primarily based on allegedly retaliatory actions that impacted his conditions of confinement, and Mr. Murray's lawsuit is based on the denial of basic necessities and medical care that violated his rights under the Eighth Amendment.  The fact that Plaintiff and Mr. Murray shared a cell with missing windowpanes is simply not sufficient to establish that their lawsuits are related, especially where only one of their cases specifically alleged that the missing windowpanes amounted to a constitutional violated.

      The Court is also not persuaded that failing to relate the two cases will result in the "unduly burdensome duplication of labor and expense" or "conflicting results if the cases are conducted before different Judges."  As discussed above, the two cases do not involve the same claims, and therefore will not require duplicative labor and expense to adjudicate.  For the same reason, it is not likely that there will be conflicting results where the two actions do not involve the same claims.

      Based on the foregoing, Plaintiff's motion to relate this case to *Murray v. Ibarra* is DENIED.

      This order terminates Docket No. 43.

      **IT IS SO ORDERED.**

Dated:   ___March 27, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Motion to Relate Cases
PRO-SE\BLF\CR.19\03750Smith_deny-relate